THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**RUDY RAY MARTINEZ,**<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:21CR0080 DAK<br><br>Judge Dale A. Kimball |

　　　　This matter is before the court on Defendant Rudy Ray Martinez's Motion for Early Termination of Supervised Release, which was filed on November 15, 2022. At the time of his request, Mr. Martinez had completed approximately 29 months of his current five-year term of supervision. The United States Probation Office ("USPO") provided the court with a Report on Person Under Supervision, recommending that Defendant's request be denied at this time but that another request would be considered after another year on supervision. The assigned Assistant United States Attorney agreed with the USPO's recommendation.

　　　　Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed

to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Due to the nature of the crime committed by Mr. Martinez and his relatively short time on supervised release, the court agrees with the USPO that Defendant would benefit from a longer period of time on supervised release, during which time he can further demonstrate his compliance. The court therefore DENIES Defendant's Motion for Early Termination of Supervised Release [ECF No. 5] at this time. The court, however, applauds Defendant for his graduation from barber school and his substantial compliance on supervision so far. The court invites Defendant to reapply for early termination of supervision after another twelve months on supervision.

DATED this 28th day of November, 2022.

BY THE COURT:

DALE A. KIMBALL
United States District Judge