# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RUDY RAY MARTINEZ,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 2:21CR0080 DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Rudy Ray Martinez's Motion for Early Termination of Supervised Release, which was filed on November 20, 2023 [ECF No. 9]. At the time of his request, Mr. Martinez had completed approximately 42 months of his current five-year term of supervision. The United States Probation Office ("USPO") provided the court with a Report on Person Under Supervision, recommending that Defendant's request be denied at this time. The assigned Assistant United States Attorney agreed with the USPO's recommendation.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. After 18 months of supervised release, there is a presumption in favor of recommending early termination for a person so long as they meet certain criteria that are outlined in The Guide to Judiciary Policy, Vol 8, Part E, CH 3 § 360.20(c).

Defendant meets all but two areas of the general criteria for considering him for early termination of supervised release. These criteria are as follows: 3(c)2, which requires that Defendant "presents no identified risk of harm to the public or victims, and 3(c)5, which requires Defendant be "in substantial compliance with all conditions of supervision." One such condition of supervision is the condition that Defendant will have no connection whatsoever with the Norteno or Nuestra Familia gang or any other gang. If Defendant is found to be in the company of such individuals or wearing the clothing, colors, or insignia of the Norteno of Nuestra Familia, or any other gang, the court will presume that the association was for the purpose of participating in gang activities.

In November 2023, a probation officer obtained a photo of Defendant with several other documented gang members. Thus, Defendant's actions violate the two criteria discussed above. As such, this court agrees with USPO and Assistant United States Attorney that Defendant would benefit from a longer period of time on supervised release. The court therefore DENIES Defendant's Motion for Early Termination of Supervised Release [ECF No. 9] at this time.

DATED this 7th day of December -2023.

BY THE COURT:

DALE A. KIMBALL
United States District Judge