12A

## UNITED STATES PROBATION OFFICE
## FOR THE DISTRICT OF UTAH

# Report on Person Under Supervision

| | |
|---|---|
| Name of Person: **Rudy Ray Martinez** | Docket Number: **2:21CR00080-001** |

Name of Sentencing Judicial Officer:   **Honorable Yvonne Gonzalez Rogers**
**U.S. District Judge**
**Northern District of California**

Name of Assigned Judicial Officer:   **Honorable Dale A. Kimball**
**Senior U.S. District Judge**

Date of Original Sentence: **January 9, 2014**

Original Offense:   **Count 1: Racketeering Conspiracy/Count 2: Use and Possession of Firearm in Furtherance of a Crime of Violence**

Original Sentence:   **156 Months Imprisonment/60 Months Supervised Release**

Type of Supervision: **Supervised Release**      Current Supervision Began: **June 12, 2020**

---

## SUPERVISION SUMMARY

On November 20, 2023, the above-named defendant, filed a motion for early termination of supervised release. At the time of the request, he has completed approximately 42 months of his current five-year term of supervision and is thus statutorily eligible for early termination.

The Guide to Judiciary Policy, Volume 8, Part E, Chapter 3, Section 360.20, sets forth general criteria categories for assessing whether a statutorily eligible defendant should be recommended to the Court as an appropriate candidate for early termination, after less than and greater than 18 months. A copy of this policy is submitted below the report, for the Court's review. The defendant meets all areas of general criteria for considering him for early termination with the notable exception of 3(c)2 and 3(c)5.

1. The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;
2. The person presents no identified risk of harm to the public or victims;
3. The person is free from any court-reported violations over a 12-month period;
4. The person demonstrates the ability to lawfully self-manage beyond the period of supervision;
5. The person is in substantial compliance with all conditions of supervision; and
6. The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

On June 12, 2020, an Amended Judgment in a Criminal Case was filed dismissing Count 2: Use and Possession of Firearm in Furtherance of a Crime of Violence. The defendant was granted time served and immediately released. He then commenced his term of supervision on June 12, 2020. He began supervision in the District of

Revised 12/17

PROB 12B  
D/UT 06/15

Rudy Ray Martinez  
2:21CR00080-001

Utah. His jurisdiction was transferred from the Northern District of California to the District of Utah, on March 2, 2021.

On November 15, 2022, the defendant filed a motion for early termination. The assigned United States Probation Officer at the time recognized the progress the defendant had made while under supervision but did not support termination at that time due to the nature of the instant offense, the defendant's criminal history, and the relatively short time on supervision. The Probation Officer wrote, "after a period of one year, this officer is not opposed to early termination if the defendant has been able to maintain his current compliance." The Court denied the motion for early termination.

The defendant appeared to maintain compliance. He obtained a job with Alsco Inc where he continues to work. He maintained a stable residence and communicated with this officer. He helped coach his son's sports teams in his free time. The defendant submitted a drug test on November 30, 2023, which yielded negative results. However, in November 2023, this officer obtained a photo of the defendant with several other documented gang members. This violates special condition #4 which states: The defendant shall not associate with any member of the Norteno or Nuestra Familia gang. The defendant shall have no connection whatsoever with the Norteno or Nuestra Familia or any other gang. If he is found to be in the company of such individuals or wearing the clothing, colors or insignia of the Norteno or Nuestra Familia, or any other gang, the court will presume that the association was for the purpose of participating in gang activities."

On December 5, 2023, contact was made with Assistant United States Attorney Michael Thorpe, and the information above was provided to him. Mr. Thorpe opposed early termination at this time due to the recent violation noted above.

This officer does not support early termination due to the defendant's recent gang associations.

If the Court is inclined to grant the motion for early termination, the appropriate documentation will be provided to the Court for signature.

If the Court desires more information or another course of action, please contact me at 801-535-2761.

I declare under penalty of perjury that the foregoing is true and correct.

by Kory Petersen  
U.S. Probation Officer  
December 6, 2023

**THE COURT:**

☐ Approves the request noted above
☒ Denies the request noted above
☐ Other

Honorable Dale A. Kimball
Senior United States District Judge

Date: 12-7-2023

PROB 12B  
D/UT 06/15

Rudy Ray Martinez  
2:21CR00080-001

# GUIDE TO JUDICIARY POLICY Vol 8, Part E, CH 3 § 360.20 Early Termination

§ 360.20 Early Termination

1. (a) Under 18 U.S.C. §§ 3564(c) and 3583(e)(1), the court may terminate:
   1. terms of probation in misdemeanor cases at any time; and
   2. terms of supervised release or probation in felony cases after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the conduct of the person under supervision and is in the interest of justice.

   (Note: Early termination of parole cases is governed by the U.S. Parole Commission's *Rules and Procedures Manual*, Section 2.43.)

2. (b) During the first 18 months of supervision, the appropriateness of early termination must be based on the person's overall progress in meeting supervision objectives, to include having:
   1. substantially satisfied the requirements of the court order; and
   2. demonstrated a willingness and capability to remain lawful beyond the period of supervision.

   Note: Officers should not recommend persons for early termination who have an identified higher risk to community safety.

3. (c) At 18 months, there is a presumption in favor of recommending early termination for persons who meet the following criteria:
   1. The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;
   2. The person presents no identified risk of harm to the public or victims;
   3. The person is free from any court-reported violations over a 12-month period;
   4. The person demonstrates the ability to lawfully self-manage beyond the period of supervision;
   5. The person is in substantial compliance with all conditions of supervision; and
   6. The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.
4. (d) After 18 months, higher risk persons under supervision who have demonstrated a reduction in risk (as demonstrated by a reduction in PCRA level/category) and who are in substantial compliance with the factors set forth above shall be considered for early termination.
5. (e) The existence of an outstanding financial penalty does not adversely affect early termination eligibility, as long as the person under supervision is in compliance with the payment plan for the prior 12 months.
6. (f) Officers should consider early termination for all persons who have been supervised for 12 months under low-risk supervision standards and who otherwise meet the eligibility criteria. At that time, the supervisor should approve, in a chronological record entry, any decision not to petition the court for early termination. The supervisor should then set the timeframe for the next early termination review.